May I, Your Honor? May it please the Court, Defense Counsel, I am Phil Steck. I represent the plaintiff appellant on this appeal. As a practical matter, and contrary to what the District Court seems to have assumed, civil rights and employment lawyers want the case over and done with. We do not want endless appeals and litigation. That puts a financial burden on us to fund our practice in the meantime. This case, for example, went on for 10 years. When the Court issued its original fee award in this case, we took no appeal and planned to take no appeal. We just wanted to be paid, albeit at the reduced fee level decreed by the Court. When defendants appealed, I suppose we could have not filed the brief at all, nor taken a cross-appeal. In 31 years of practicing law, I have never been to a CLAe seminar or seen any decision that would suggest that the correct approach would be not to file a brief for fear that our fees on appeal might not be paid. I know of no decision that would counsel such action. However, if the District Court decision is affirmed, not filing an appellate brief is the only way to avoid the predicament in which counsel now finds himself having won an appeal but being denied the fees on that appeal. We are talking about a very small fee here for defending the appeal. Only $13,642.50 was requested in the District Court. At that level, it cannot be said that counsel was milking the system. That may be the smallest appellate fee I have ever seen. We recognize that the District Court has the discretion either to grant or deny fees on the cross-appeal. If this matter is remanded, I think I know what the District Court is going to do. I do not think that is what the District Court should do, according to the case law cited in our brief, but be that as it may, I did do that. The moment that we agree with you as to the proposition that our mandate didn't decide the issue here, the District Court did go on and say in the exercise of its discretion, for the reasons stated in the memorandum, it was going to deny fees in any event. Why was that an abuse of the District Court's discretion? Well, because in our view on the law, Your Honors, the District Court does not have discretion to deny fees entirely. What the District Court has discretion to do is essentially evaluate the quality of the fee application and the necessity of the work done on the appeal. I think saying that, for example, no work was necessary on this appeal and, therefore, no fee should be awarded is not consistent with the law as we know it to be. What the Supreme Court has said, as I understand it, but maybe I'm wrong, is that only under very special circumstances will a full denial of attorneys' fees be justified under 1988. Is that correct? That is correct. And did the District Court here identify any specific special circumstances? No. No, Your Honors. And I would indicate this. This was a very routine matter. The District Court didn't identify anything we did wrong. When we appealed to this Court, we were criticized for block billing. And there's case law out there, and this block billing is disfavored, not prohibited. The other thing that troubles me about all that you've just said was your suggestion that you think the District Court on remand will not give you anything. I think that's uncalled for. If the District Court is told by this Court to reconsider the matter, what reason do we have to believe that the District Court will not give it a fair and objective hearing? Thank you for that question, because I was speaking to the fees on the cross appeal. And the legal standard for the fees on the cross appeal is whether it's inextricably intertwined with the basic appeal. There is case law that suggests that cross appeals feel should not be denied. I'm certainly hoping, though this Court is under no obligation to do so, that the Court would issue direction to the District Court on that issue, because we really want this case over with. I do not want to go back to the District Court and be incessantly arguing there. But I was only referring to the cross appeal. Clearly, Your Honors, if this Court confident that the District Court would do so. But it is true that I really don't understand the attitude of the District Court. All the case law says that a prevailing plaintiff is entitled to its attorney's fees for successfully defending an appeal, even of a fee application. Is the District Court really trying to encourage defendants to take endless appeals? The threat of having to pay attorney's fees of the plaintiff is the only deterrent to endless appeals. Roberts. On the cross appeal, you are not the prevailing party, obviously. That is correct. The District Court, under applicable law, has discretion to deny fees or take a reduction for the cross appeals. I admitted that in our brief, though it's their substantial case law, that if the cross appeal was to be intertwined with the main appeal, that the main appeal was you shouldn't get your attorney's fees. Your cross appeal was you should get more than fees. Yes. Well, you know, I think the reduction, and, you know, this Court ruled and the Court said the Court had discretion to take a 30 percent reduction, but in — and we wouldn't have even appealed that issue. But reviewing the case law, that is the largest deduction I've ever seen for the practice of block billing. And I don't think there's anything, Your Honors, that I saw in our papers that was so unusual that would justify that level. But that's what the Court ruled on, and this Court affirmed, and I am not challenging it. All I'm saying is I think that was a reasonable position that we took before this Court. This Court did not say otherwise. In fact, the Court noted that block billing is not per se improper. I'm saying that we could be granted fees on the cross appeal in the district court, and naturally, we would hope that this Court would say something. You're not still block billing, right? What's that? In your other — in the cases going forward, you've abandoned that practice. We have abandoned that practice, and our — and our fee application in the district court does not use it. I cannot tell, but I — the red seems to indicate to me my time has expired. Thank you. You've reserved some rebuttal. Good morning. May it please the Court. Abigail Rafis for the Appellees, the City of Albany. The decision of the district court should be affirmed here. The law of the land in the Second Circuit is that Rule 39 does not define costs, as this Court previously stated in its case at Zannie v. Miller. Rule 39 simply provides the procedural mechanisms by which costs can be taxed. What we said was it doesn't define costs for all of the federal rules of appellate procedure. My reading of the case would indicate that the decision in Ad Sani, it was a lengthy discussion of Rule 39 and the interplay as to whether or not costs in Rule 39 define costs for Rule 7. And I think that this Court took the stance, and that costs are not exhaustively defined, at least. Maybe not that they define costs for all of the federal rules, but I think that this Court did take the position that it does not exhaustively define costs. And since Rule 39 But at any rate, wasn't its reference to Rule 39 its definition of cost dicta in that case? It was. It was. But since Rule 39 does not, for purposes of this argument, supply us with a definition of costs, I think that the district court correctly decided that it needed to look at the underlying substantive statute, which here was Section 1988, and it unequivocally says that attorneys' fees are part of costs. And I know that in opposing counsel's brief, he has cited numerous cases from other circuits which stand for the proposition that Rule 39 and attorneys' fees, the costs in Rule 39 and attorneys' fees are separate and distinct from one another. So six circuits say that. One circuit, the D.C. Circuit, says something different. That's correct. And we would agree with the D.C. Circuit's position. Of course you would. Of course I would. But for the primary reason being that in Edsoni v. Miller, this Court did say that Rule 39 does not exhaustively define costs. And I think that if this Court were to adopt the interpretation, the limited interpretation of Rule 39, that the six other circuits have adopted, I think three things would happen. I think in the first instance … Rule 39, while it doesn't totally define costs, provides four categories of costs, all of which are sort of administrative-type costs, not attorneys' fees. So why isn't the suggestion in that is that there could be other costs, but they have to be of that kind, not attorneys' fees, which is something very different. And that's an approach that some of the other circuits took on this issue. But again, I think that that's a very limited interpretation of Rule 39. I think Rule 39 doesn't set out to specifically define what costs are. But so Rule 39 was promulgated pursuant to Section 1920 of 28 U.S.C., which seems to provide a list of costs, none of which include attorneys' fees. Correct. Also in Edsoni v. Miller, this Court touched upon 28 U.S.C. Section 1920 and also said that that section also does not exhaustively define costs. And again, I think that if this Court … And yet there are other provisions of 28 U.S.C. around 1920 that refer to attorneys' fees. Except costs still are not defined in Section 1920. So even with the reference there, I think, and this Court has already said, there's no exhaustive definition. And I think when we don't have that exhaustive definition, we have to then revert back to the underlying statute. And I think here, if this Court were to adopt the interpretations adopted by the other circuits, three things would happen. One, we'd be imposing an arbitrary limitation on the rule, which the drafters didn't clearly intend. The rule specifically is about costs, and yet there's no exhaustive definition found in that rule. And I think, secondly… So is it your position that whenever the mandate says or only refers to costs within the Second Circuit, it necessarily includes attorneys' fees? I think when it refers to costs, you have to take a look at the underlying substantive statute to see if that statute provides a definition for what costs should include. And I think that in this case… And is it also, then, your position that whenever we refer to a case that involves Section 1988, so 1983, 85, 86 case, and in the decreed-all language, we refer to no costs or attorneys' fees, that that's redundant? Yes. I suppose that would be my position, yes. Otherwise, in this case, if we were to adopt the position taken by the other circuits, we would effectively be reading the words, a reasonable attorney's fees as part of costs, out of the statute, Section 1988, which I don't think that was intended. Clearly, we need to give plain the plain meaning of that statute its due effect. And I also think, too, in this case, we decide that Rule 39 does provide an exhaustive definition of costs. We're going to be undermining established interpretations within the Second Circuit for all of the rules that refer to costs, for example, Rule 7. But even if the Court doesn't want to go down this route, the district court also properly exercises broad discretion in deciding that opposing counsel's fee application is at odds with the spirit and the letter of Section 1988. Section 1988 was enacted for the purposes of providing persons with civil right grievances as meaningful access to the courts, and that was had here in this case, and counsel has been compensated for their efforts in helping their clients achieve success. And right now, the current issue that we're standing before you about is dealing with attorney's fees over the litigation of attorney's fees. It no longer has any connection with the underlying merits of this case. And so I think the district court properly exercises discretion in realizing that the two are so remote, remotely connected, that to award fees at this juncture would not be serving the fundamental purpose that Section 1988 was enacted for. Opposing counsel has made arguments saying that they should be compensated for the work that we forced them to do. But that argument also blindly ignores the fact that they cross-appealed. And they say that there's no evidence that they would have appealed had we not, but I think that the cross-appeal and their pursuit of the cross-appeal is evidence of exactly that. Both parties appealed in this case. Both parties sought to turn the district court's decision on its head, and both parties lost. So plaintiffs are certainly not the prevailing party on their cross-appeal. And I would also venture to say that they're not the prevailing party on the underlying appeal, because this Court, under 39 — excuse me — under Federal Rule of Appellate Procedure 39A2, when a underlying decision is affirmed, cost should be taxed against the appellant, and that was not the case here. A4 was utilized, and costs were taxed to both sides. So I think that that was recognition of the fact that an affirmance of the underlying decision was really a loss for both sides. It was not what either side was seeking. And I think as well, you know, the district court might not have gone into a lengthy discussion of prevailing party status or whether or not the fee requested was reasonable, but they do cite in their decision that they adopted all the positions advanced in the defendant's brief. And our brief did contain arguments citing to the fact that the fee requested was not reasonable, and also they were not the prevailing party. And in order to be entitled to a fee, you must be a prevailing party under Section 1988, if there are no questions. Thank you. Very briefly, Your Honors, the defensive nature of our fee application was discussed at length in our brief. The Adsani case was addressed in our brief. The cross-appeal was after their appeal. It was not something that we chose to initiate. The only thing I would say is that, again, we come here and we find that we were not the prevailing party in the logic of the defense. That was a position that has been rejected previously in this Court, despite all the tortured arguments that were made. We clearly were the prevailing party, not on the cross-appeal, but on the fundamental appeal, which was over 80 percent of this case. And we certainly did not come to this Court with the expectation that we were arguing about attorneys' fees when we made previous argument in the prior appeal. So that would certainly be a rather surprising thing to occur, and I think it would change the nature of argument in this Court in a way that probably this Court might not well desire. I have nothing further, unless the Court has questions.